IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

DANIEL O'CONNOR,

                    Plaintiff,                          OPINION AND ORDER

v.

                                              25-cv-883-wmc

SOCIAL SECURITY ADMINISTRATION,

                    Defendant.

---

Representing himself, plaintiff Daniel O'Connor filed a complaint against the Social Security Administration (SSA), claiming that it violated his civil rights in connection with a monthly benefits payment that was issued to plaintiff's mother as his representative payee. (Pl.'s Compl. (dkt. #1, at 4).) Shortly after the case was filed, SSA Commissioner Frank Bisignano filed a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) or, alternatively, for summary judgment under Rule 56. (Dkt. #5.) Because plaintiff is proceeding without prepayment of the filing fee, the court is also obligated to screen the complaint and dismiss any claim that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). The court is further obligated to dismiss an action if at any time it determines that subject-matter jurisdiction is lacking. Fed. R. Civ. P. 12(h)(3). For the reasons explained below, the court will dismiss the complaint and close this case. Therefore, defendant's motion is moot.

FACTUAL ALLEGATIONS[1]

Plaintiff Daniel O'Connor filed this action against the SSA on October 28, 2025, for refusing to comply with his demand to remove his mother -- formerly his court-appointed legal guardian -- as the representative payee for his social security benefits payments.   (Pl.'s Compl. (dkt. #1, at 4).)   In particular, plaintiff claims that the SSA wrongfully issued his monthly payment for May 2025 to his mother, which deprived him of those funds.  (*Id*.)   Noting that he is no longer under a legal guardianship, plaintiff contends that the SSA violated his rights as "a legally competent adult" by continuing to issue those benefits payment to his mother absent his consent.  (*Id*.)

Initially, plaintiff asked the court to:  (1) order the SSA to comply with his demand and to obtain his consent for any future change of payee status;  (2) order the SSA to cease requiring interviews as a condition of his receiving benefits owed; and (3) award compensatory damages for the missed payment.  (*Id.* at 5.)  However, plaintiff reports that the SSA has since restored him as payee of his social security payments.  (Dkt. #8, at 5.) Accordingly, he now seeks relief in the form of an assurance from SSA that it will not remove him as payee again without his consent.  (*Id.*)

OPINION

## I.  Exhaustion of Administrative Remedies

Defendant SSA has construed plaintiff's primary claim as one for judicial review of

---

[1] The facts in this section, which are taken as true for purposes of this opinion, are from plaintiff's complaint and his response to the defendant's motion to dismiss.  (Dkts. #1, #8.)  Because plaintiff represents himself, his pleadings are held to a less stringent standard than those drafted by lawyers. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

a decision related to his benefits payments and argues that plaintiff's complaint must be dismissed for failing to exhaust his administrative appeal rights before seeking judicial review under the Social Security Act, 42 U.S.C. § 405. Specifically, § 405(g) only authorizes judicial review of "final" agency decisions as follows:

> Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action **commenced within sixty days after the mailing to him of such notice** of such decision or within such further time as the Commissioner of Social Security may allow.

42 U.S.C. § 405(g) (emphasis added). Judicial review is further limited by § 405(h), which states:

> No findings of fact or decisions of the Commissioner of Social Security shall be reviewed by any person, tribunal, or governmental agency except as herein provided. No action against the United States, the Commissioner of Social Security, or any officer or employee thereof shall be brought under section 1331 or 1346 of Title 28, United States Code, to recover on any claim arising under this subchapter.

42 U.S.C. § 405(h). Therefore, judicial review is only permitted in accordance with § 405(g), which requires a "final decision" by the Commissioner. *Smith v. Berryhill*, 587 U.S. 471, 478-79 (2019).

More specifically, SSA regulations require a *four-step* administrative review process before an individual can obtain a judicially-reviewable final decision. 20 C.F.R. §§ 404.900(a), 416.1400(a). The administrative review process begins with an initial determination. 20 C.F.R. § 416.1400(a)(1). If dissatisfied with the initial determination, the claimant may seek reconsideration. 20 C.F.R. § 416.1400(a)(2). If dissatisfied with the reconsidered determination, the claimant may request a hearing before an

administrative law judge.  20 C.F.R. § 416.1400(a)(3). If still dissatisfied with the result of the hearing, the claimant may request an appeal from the Appeals Council. 20 C.F.R. § 416.1400(a)(4). Only after receiving a decision or a denial for a request for review from the Appeals Council does the Commissioner's decision become final, enabling the claimant to request judicial review in a federal district court. *See* 20 C.F.R. § 416.1400(a)(5).

Failure to exhaust is an affirmative defense, which the defendant must prove.  *Davis v. Mason*, 881 F.3d 982, 985 (7th Cir. 2018).  While plaintiff neither has to allege that he presented his claim to the SSA through proper administrative channels, nor that the SSA has issued a final decision regarding his dispute, defendant has provided a declaration from Luis Flores, District Manager for the SSA Madison Field Office, who avers that he was unable to locate any of plaintiff's records with the information provided, because plaintiff has not provided necessary identifying information, such as a Social Security number or Beneficiary Control Number.  (Flores Decl. (dkt. # 6) ¶¶ 1, 5).)  The court may properly consider this declaration in deciding this motion to dismiss because the existence of a final agency decision is central to a plaintiff's complaint against the SSA.  *Carradine v. Social Security Admin.*, No. 24-cv-1007, 2024 WL 5245234, at *2 (E.D. Wis. Dec. 30, 2024); *Ujoh v. Potter*, No. 09-cv-343, 2009 WL 4800207, at *2 (S.D. Ill. Dec. 10, 2009). Therefore, defendant argues that this case must be dismissed because plaintiff did not exhaust administrative remedies as a prerequisite to judicial review under § 405(g).

In response, plaintiff concedes that he bypassed an available administrative remedy to challenge the designation of his representative payee, but explains that he received a letter in "early 2025," representing that SSA had decided to name plaintiff's mother as his

representative payee and that he missed the two-week window to appeal after failing to check his mail for three or four weeks.[2] (Dkt. #8, at 4.) Thus, when plaintiff went to the local SSA field office, demanding his mother's removal as representative payee, but his request was refused, plaintiff was then reportedly told that he had "exhausted all of [his] options" since his avenue for an appeal had already passed. (*Id*. at 6.) Because plaintiff acknowledges that he did not comply with procedures by pursuing an appeal before his deadline to do so expired, he failed to exhaust this available remedy and any claim under § 405(g) is procedurally barred from consideration. *Woodford v. Ngo*, 548 U.S. 81, 93 (2006).

Although plaintiff argues further that exhaustion would be futile because he has been reinstated as his own payee and there are now no more appeals available (dkt. #8, at 6), the fact that plaintiff has been restored as the direct payee of his benefits raises a different issue. Plaintiff's only remaining request for relief is in the form of an assurance from the SSA that they will not remove him as payee again without his consent. (Dkt. #8, at 6.) However, this request asks the court to intervene prospectively regarding future actions by the SSA. To the extent that plaintiff is concerned that he will be removed as payee again, he may address those concerns directly to the SSA. *See Carradine v. Social Security Admin.*, No. 24-cv-1007, 2024 WL 5245234, at *6 (E.D. Wis. Dec. 30, 2024) (finding that plaintiff's requested relief -- that the SSA not share any of plaintiff's unauthorized health information -- was prospective and should be handled between

---

[2] As defendant notes, the address plaintiff has provided is for the Dane County Wisconsin Job Center. (Flores Decl. (dkt. #6) ¶ 4.) Thus, it appears that plaintiff is homeless.

5

plaintiff and the SSA when there was no evidence of an ongoing concern).  Thus, whether exhausted or not, plaintiff no longer has an actionable claim in connection with his benefits payments or his payee status, and his complaint is subject to dismissal for lack of jurisdiction.  *See Simic v. City of Chicago*, 851 F.3d 734, 738 (7th Cir. 2017) (noting for a plaintiff to have standing for prospective injunctive relief, he "must face a 'real and immediate' threat of future injury as opposed to a threat that is merely 'conjectural or hypothetical'") (quoting *City of Los Angeles v. Lyons*, 461 U.S. 95, 102 (1983)).

## II.  Failure to State a Claim

Lastly, defendant argues that the complaint must be dismissed because plaintiff has otherwise failed to plead a constitutional tort or civil rights claim.  (Dkt. #5, at 6.) Plaintiff, who submitted his claims in a form complaint for use by a self-represented, non-prisoner litigants asserting civil rights claims, checked a box on the form indicating that he is bringing "a *Bivens* claim."  (Pl.'s Compl. (dkt. #1) at 3 ¶ 2A.)  In *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), the U.S. Supreme Court recognized an implied private cause of action for damages against federal officers alleged to have violated a citizen's constitutional rights.  Having withdrawn his initial claim for damages, that claim is moot as well.  In any event, neither the United States nor a federal agency are a proper defendant in a *Bivens* suit.  *See Kaba v. Stepp*, 458 F.3d 678, 687 (7th Cir. 2006) ("[a] Bivens action may not be brought against the United States or a federal agency").  Nor is there a recognized claim under *Bivens* that extends to the facts of this case.  *See Ziglar v. Abassi*, 582 U.S. 120, 135 (2017) (noting that a *Bivens* cause of action

6

has been recognized only in limited circumstances and making clear that "expanding the *Bivens* remedy is now a 'disfavored' judicial activity").

Absent a viable claim, the court will dismiss this action for lack of jurisdiction pursuant to Fed. R. Civ. P. 12(h)(3).

## ORDER

IT IS ORDERED that:

1) Defendant's motion to dismiss and alternative motion for summary judgment (dkt. # 5) is MOOT.

2) The complaint filed by Daniel O'Connor (dkt. #1) is DISMISSED without prejudice for lack of jurisdiction.

3) The clerk of court is directed to enter judgment accordingly and to close this case.

Entered this 20th day of March, 2026.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge

7